IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RICKY L. LENARD                                                                                PLAINTIFF
ADC #75333

V.                                            NO: 2:14CV00144 BSM/JWC

RAY HOBBS *et al.*                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

> Mail your objections to:
> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Ricky L. Lenard, an Arkansas Department of Correction inmate, filed a *pro se* complaint on December 15, 2014, alleging he was wrongly disciplined based on false charges that he was involved in a scheme involving another inmate's family member depositing money into Plaintiff's institutional account.[1]

---

[1] Plaintiff filed essentially the same lawsuit on April 21, 2014. *See Lenard v. Matthews et al.*, ED/AR No. 2:14CV00054. That complaint was dismissed without prejudice on June 5, 2014.

1

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

**II. Analysis**

Subsequent to the allegedly false allegations, Plaintiff was convicted of rules violations, and was sentenced to thirty days in isolation, reduced in class, and lost good time (docket entry #2, page #11). Plaintiff asserts that each Defendant was involved in the disciplinary process in some way, and each was guilty of violating his due process rights in connection with the disciplinary proceedings.

---

Plaintiff's subsequent appeal was dismissed as untimely.

Plaintiff seeks damages, along with the reversal of the disciplinary conviction and all sanctions. However, because Plaintiff has not alleged that he received any disciplinary sanction which would invoke due process protections, his complaint should be dismissed.

Plaintiff has no federal constitutional or inherent right in the possibility of future parole or a conditional release before the expiration of a valid sentence, or in the determination of a specific prole eligibility date. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)(inmate has no federal constitutionally protected liberty interest in the possibility of parole); *Smith v. Norris*, 40 Fed. Appx. 305 *1 (8th Cir. 2002)(unpublished per curiam)(no federal right to have specific release and parole eligibility dates calculated); *Johnson v. Norris*, 2009 WL 4610267 *6 (E.D. Ark. 2009)(no constitutionally protected liberty interest or Arkansas statutory right to specific transfer or parole eligibility date).

Additionally, a reduction in class does not implicate a liberty interest. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas state law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Likewise, 30 days of punitive isolation does not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when

Plaintiff served 45 days in administrative confinement before disciplinary decision reversed).[2]

In the absence of a protected property or liberty interest, Plaintiff is left with at most a false disciplinary charge or policy violation. However, neither a false disciplinary charge nor the failure to follow prison policy is a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)) (false disciplinary charges alone not a constitutional violation); *Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

Finally, Plaintiff cannot be awarded damages for any additional time he may be required to serve as a result of his disciplinary conviction. *See Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*); *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody). Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

---

[2]Plaintiff has also not alleged any facts to suggest that he was denied the minimal civilized measure of life's necessities, or subjected to conditions constituting substantial risk of serious harm. Accordingly, has also failed to state a claim for an Eighth Amendment violation. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam) (same).

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 16th day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE